IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MARKIEE Q JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 325-088 |
| | ) | |
| HAROLD D. MCLENDON and WILLIAM | ) | |
| DAVIS HEWITT, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated at Hancock State Prison in Sparta, Georgia, filed this case pursuant to 42 U.S.C. § 1983 concerning events alleged to have occurred in Emanuel County, Georgia. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

## I.    SCREENING THE AMENDED COMPLAINT

### A.    BACKGROUND

Plaintiff's complaint names as Defendants Harold D. Mclendon of Dublin Georgia, and William Davis Hewitt of Savannah, Georgia. (Doc. no. 1, p. 2.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff was indicted for two counts of enticing a child for indecent purposes, two counts of incest, and two counts of statutory rape. (Doc. no. 1, p. 19.) He filed a special plea of insanity on April 7, 2021, and was found guilty but mentally ill on all counts on April 14, 2021. (Id.) Plaintiff asserts he was unconstitutionally convicted in Emanuel County and remains incarcerated. (Id. at 6.) He seeks to bring a series of claims against Harold Mclendon, his retained trial counsel, and William Hewitt, his retained appellate counsel during the motion for new trial and direct appeal. (Id. at 5-6.) Although he does not specifically name Judge Robert E. Reeves as a defendant, many of Plaintiff's claims relate to Judge Reeves' alleged activities. (See e.g., id. at 7.)

Plaintiff argues Defendant Mclendon failed to investigate the conflict of interest with Judge Reeves, did not file a timely motion for recusal, did not assert any Brady violations with regard to the Judge's misconduct, and violated the 6th Amendment. (Id.) Plaintiff also asserts Defendant Hewitt failed to raise Mclendon's ineffectiveness on appeal, waived meritorious constitutional claims, and also violated the 6th and 14th Amendments. (Id.) Finally, he claims Judge Reeves "maintained ongoing personal/financial relationships with the State's expert witnesses." (Id.) He seeks a declaratory judgment that defendants violated his constitutional rights, compensatory damages of $2.8 million, and punitive damages of $5.8 million. (Id. at 9.) He also seeks immediate release from incarceration and expungement of what he alleges is an unconstitutional conviction. (Id. at 10.)

Plaintiff filed this case on September 3, 2025, (doc. no. 1), and sought to proceed IFP (doc. no. 2). The Court granted him leave to proceed IFP on September 8, 2025, and directed him to return his PLRA forms. (Doc. no. 4). The forms were returned on October 14, 2025, although certain information was missing (doc. nos. 5-6), whereupon the Court ordered him to

2

return all of his documentation or risk dismissal (doc. no. 7). On October 27 and 28 of 2025, the Court received all of the necessary forms and directed payment. (Doc. no. 11.) Payment was received on December 8, 2025. He filed an amended complaint on December 9, 2025 (doc. no. 12), which he has since withdrawn (doc. no. 14). As a result, the Court screens only his original complaint.

### B.     DISCUSSION

#### 1.      Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*).  However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.      Plaintiff cannot use § 1983 to challenge his conviction.

First, while Plaintiff brings his claims under 42 U.S.C. § 1983, his claims inherently challenge his conviction.  (See doc. no 1, pp. 8-10; bringing claims for ineffective assistance of counsel, a fundamentally unfair trial, failure to argue ineffective assistance of counsel, deficient performance under Strickland, and judicial bias.)  Indeed, while seeking compensatory damages of $2.8 million and punitive damages of $5.8 million (doc. no. 1 at 5), Plaintiff also seeks injunctive relief including immediate release from incarceration and expungement of his allegedly unconstitutional conviction (id. at 10).

42 U.S.C. § 1983 cannot be used to challenge the validity of a state criminal conviction. "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . .  He must seek federal habeas corpus relief (or appropriate state relief) instead." Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (quotes and cites omitted); Heck v.

Humphrey, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."). And before he can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or another petition for state collateral relief. Wilkinson, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); see also, e.g., Johnson v. Florida, 32 F.4th 1092, 1095-96 (11th Cir. 2022); O.C.G.A. § 9-14-1(a) ("Any person restrained of his liberty under any pretext whatsoever, except under sentence of a state court of record, may seek a writ of habeas corpus to inquire into the legality of the restraint.").

The allegation of money damages does not save Plaintiff's complaint from dismissal. A § 1983 damages claim that calls into question the lawfulness of a conviction or sentence simply "does not accrue until the conviction or sentence has been invalidated." Heck, 512 U.S. at 489. The Supreme Court likened such claims to common law tort actions for malicious prosecution, which historically have required the plaintiff to allege and prove the termination of the prior criminal proceeding in his favor as an element of his claim. Id. at 484-86. Thus, Heck held that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87. Alternatively, to the extent Plaintiff seeks this Court's review of an adjudicated

state criminal conviction, it lacks jurisdiction to do so.  See e.g., Myers v. King, 2022 WL 1810997, at *4 (S.D. Ga. June 2, 2022) (Rooker-Feldman doctrine precludes review of state court criminal conviction.)  As a result, Plaintiff cannot use § 1983 as a tool to challenge his conviction, even if he only seeks monetary damages.  Perhaps he may pursue state habeas corpus relief.[1]  But until his conviction is overturned, the claims he seeks to bring now are not cognizable under § 1983 as they call into question the validity of his criminal prosecution.  Plaintiff's claim seeking release from incarceration, whether construed as seeking this Court's intervention in his state prosecution or asserting any claim that would implicate the validity of any such conviction, should, therefore, be dismissed.

### 3.  Plaintiff's claims fail because the potential defendants are not state actors or are immune.

Even if Plaintiff's monetary claims could evade Heck, Defendants Mclendon and Hewitt are not proper parties because they are not state actors.  "A plaintiff raising a section 1983 claim must show the deprivation of 'a federal right by a person acting under color of state law.'"  Gustino v. Stoneybrook W. Master Ass'n, Inc., 842 F. App'x 323, 328 (11th Cir. 2021) (per curiam) (quoting Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001)).  Thus, "the party charged with the deprivation must be a person who may fairly be said to be a state actor."  Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).  Defense counsel, whether court-appointed or privately retained, are not state actors for purposes of § 1983.  Polk Cnty. v. Dodson, 454 U.S. 312, 318 n. 7 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning

---

[1] Indeed, it appears Plaintiff has already filed a premature petition for habeas corpus in this Court which has been dismissed without prejudice because it contained unexhausted claims.  See Jones v. Ivey, Civ. Act. No. 625-035 (S.D. Ga. Mar. 26, 2026).

of § 1983); <u>Pearson v. Myles</u>, 189 F. App'x 865, 865 (11th Cir. 2006) (*per curiam*) (court-appointed defense counsel did not act under color of state law and thus was not subject to liability under § 1983); <u>Deas v. Potts</u>, 547 F.2d 800,800 (4th Cir. 1976) ("A private attorney who is retained to represent a criminal defendant is not acting under color of state law."), <u>cited in</u> <u>Robinson v. Bernie</u>, 2007 WL 80870 at *1 (S.D. Ga. Jan 8, 2007).

"Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." <u>Harvey v. Harvey</u>, 949 F.2d 1127, 1130 (11th Cir. 1992). To hold private parties liable as state actors, one of three conditions must be met: (1) the state coerced or significantly encouraged the action alleged to violate the Constitution; (2) the private party performed a function "traditionally the exclusive prerogative of the state;" or (3) the state "so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise." <u>Rayburn ex rel. Rayburn v. Hogue</u>, 241 F.3d 1341, 1347 (11th Cir. 2001) (citing <u>NBC v. Commc'n Workers of Am.</u>, 860 F.2d 1022, 1026-27 (11th Cir. 2011)). Plaintiff alleges that Defendants "conspired with state actors . . . to deprive Plaintiff of constitutional rights." (Doc. no. 1 at 8.) However, he provides no facts which support this position. "The naked assertion of a conspiracy between a state judge and private defendants without supporting operative facts provides an insufficient state action nexus for a section 1983 action." <u>Phillips v. Mashburn</u>, 746 F.2d 782, 785 (11th Cir. 1984) (citing <u>Sooner Prods. Co. v. McBride</u>, 708 F.2d 510, 512 (10th Cir. 1983)). "[T]he in forma pauperis plaintiff must provide an adequate basis for believing a conspiracy existed before the court is required to compel the defendants to answer." <u>Id.</u> In this case, Plaintiff's complaint is completely bereft of any supporting allegations detailing a relationship between Defendants and the judge, let alone a conspiracy such that it establishes a state nexus.

To the extent Plaintiff seeks to bring claims against Judge Reeves (and to be clear: he does not name Judge Reeves as a defendant), he is absolutely immune from Plaintiff's claims. Judges are generally immune from suit unless they act in the "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996). This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction. See Stump, 435 U.S. at 356; Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991).

Plaintiff's allegations against Judge Reeves involve the judge's conflict of interest. Plaintiff asserts that Judge Reeves "maintained ongoing personal/financial relationships with the State's expert witnesses." (Doc. no. 1, p. 7.) Although there are limited details, it appears that Plaintiff references Judge Reeves' relationship with a child abuse foundation the "Sunshine House," which used Judge Reeves' likeness for fundraising and whose representatives testified at Plaintiff's trial.[2] (Doc. no. 1, pp, 18-33.) While Plaintiff points to disciplinary sanctions imposed upon Judge Reeves as a result of this relationship, (id. at 34-89) that impropriety does not allege a "clear absence of all jurisdiction." See, e.g., Overcash v. Shelnutt, 2017 WL 4278496, at *4 (M.D. Fla. Mar. 27, 2017) ("[A]cting under a conflict of interest does not deprive a judge of absolute judicial immunity," and collecting cases). Indeed, all the allegations against Judge Reeves relate to him presiding over Plaintiff's criminal trial. As a result, he is entitled to absolute judicial immunity from any claim arising from actions in

---

[2] Plaintiff does not raise this claim in his actual complaint, rather it is in the Second Amended Motion for New Trial, which is attached as an exhibit to the complaint. (Doc. no. 1, pp. 18-33.)

his judicial capacity.

### 4.    No Amendment is Warranted

Given its facial frivolity, a re-pleading option is not warranted.  <u>Dysart v. BankTrust</u>, 516 F. App'x 861, 865 (11th Cir. 2013) ("[D]istrict court did not err in denying Dysart's request to amend her complaint because an amendment would have been futile."); <u>Langlois v. Traveler's Ins. Co.</u>, 401 F. App'x 425, 426-27 (11th Cir. 2010); <u>Simmons v. Edmondson</u>, 225 F. App'x 787, 788-89 (11th Cir. 2007) (district court did not err in dismissing complaint with prejudice without first giving plaintiff leave to amend because no amendment could have overcome the defendants' immunity).[3]

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 14th day of April, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] Despite the lack of any apparent basis for viable amendment, plaintiff's opportunity to object to this Report and Recommendation within 14 days of service affords him an opportunity to resuscitate his case.  He may also submit an Amended Complaint during that period, if he believes it would cure the legal defects discussed above.  <u>See</u> <u>Willis v. Darden</u>, 2012 WL 170163 at *2 n. 3 (S.D. Ga. Jan 19, 2012) (citing <u>Smith v. Stanley</u>, 2011 WL 1114503 at *1 (W.D. Mich. Jan 19, 2011).